COLUMBUS L. LITTLEJOHN AND WIFE, LULA LITTLEJOHN, v. M. G. JOHNSON.

(Filed 28 September, 1938.)

**Fraud § 11—Evidence in this action for fraud held sufficient to overrule defendant's motion to nonsuit.**

> Evidence *held* sufficient to overrule nonsuit in this action for fraud upon allegations that defendant prevented plaintiff from entering an increase bid to save his land from sale under commissioner's deed to defendant by fraudulent misrepresentations that defendant would cancel a deed of trust on other lands of plaintiff, it being alleged that at the time defendant had already had the deed of trust foreclosed and had bid in the property at the sale.

APPEAL by plaintiff from *Olive, Special Judge,* at August Term, 1938, of RUTHERFORD.   Reversed.

Plaintiffs alleged and offered evidence tending to show that prior to 1932 they owned three tracts of land, first tract containing 25.4 acres, second tract containing 74.83 acres, and third tract containing 26.5 acres; that upon the third tract defendant Johnson held a deed of trust; that the first and second tracts were sold by commissioners, under judgment of the court, 31 July, 1933, and bid off by the defendant for $1,500; that within ten days of the commissioner's sale plaintiff Columbus Littlejohn went to the courthouse to raise the bid, having made arrangements so to do; that on the way he met the defendant and told him he had arranged to raise the bid and the defendant said if plaintiff would not interfere with the sale, he would cancel his deed of trust on the third tract and that plaintiffs would have the land (26.5 acres) free and clear of encumbrance; that relying upon the defendant's promise plaintiff did not raise the bid, and plaintiff continued to cultivate the 26.5-acre tract without being asked for rent, until 1936; that in 1936 plaintiffs learned for the first time that defendant had had his deed of trust foreclosed in December, 1932, had bid the land in and had deed executed to himself, though he did not record his deed until 1936; that the 26.5-acre tract was worth $2,000.

Plaintiffs allege fraud in that the promise to cancel the deed of trust on the 26.5-acre tract was made with the present intention not to perform it, and that defendant fraudulently failed to disclose the fact that said land had already been sold under the deed of trust and bought by defendant.

At the close of plaintiffs' evidence, defendant's motion for judgment of nonsuit was sustained, and plaintiffs appealed.

*Oscar J. Mooneyham and M. P. Spears for plaintiffs.*
*B. T. Jones, Jr., for defendant.*

DEVIN, J. Without discussing the evidence further, and without expressing any opinion as to the probative value of the testimony offered, it appears that there was sufficient evidence to be submitted to the jury in support of the allegations in plaintiff's complaint, and that the court below erred in sustaining the motion to nonsuit.

Reversed.